[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 623.]

DAYTON BAR ASSOCIATION *v*. ENGEL.

[Cite as *Dayton Bar Assn. v. Engel*, 2001-Ohio-1886.]

*Attorneys at law—Misconduct—Public reprimand—Neglect of an entrusted legal matter—Attempting to handle a legal matter without preparation adequate in the circumstances.*

(No. 01-1201—Submitted August 28, 2001—Decided November 21, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-86.

_____

*Per Curiam.*

{¶ 1} In 1995, respondent, Andrew M. Engel of Dayton, Ohio, Attorney Registration No. 0047371, filed an answer and counterclaim on behalf of some of the children of Helen Powell, defendants in a partition action brought by Powell and one of her daughters pursuant to her attempt to sell real estate that she had inherited from her husband. In 1998, Powell died, and the probate court, at a hearing attended by several of the Powell children, appointed respondent coadministrator of Powell's estate. Respondent took no further action in the partition matter, believing that the claims against Powell by her children were moot because the children shared equally in the Powell estate. Between August and November 1999, respondent did not return calls from one of the Powell children, nor did he respond when she requested that he turn over to her the paperwork in the partition action. In December 1999, the court dismissed the partition action because a timely substitution of the estate of Helen Powell for Helen Powell had not been made. Respondent did not inform the children of this dismissal or of their rights of appeal.

**{¶ 2}** In March 1998, Delores M. Weaver retained respondent to represent her as executor of her mother's estate. Respondent instructed his secretary not to file the inventory in the estate until proof of service of the notice of probate was received from all six of the next of kin. Because the secretary did not receive proof of service with respect to one of the next of kin, she did not file the inventory and did not inform respondent. Believing that the inventory had been filed, respondent filed an Ohio estate tax return for the estate. Respondent later told Weaver to issue a check to herself as sole beneficiary and close the bank account for the estate. In May and July 1999, Weaver tried to contact respondent, but he did not reply. Weaver then discovered that respondent had not filed an inventory in the estate and wrote to the probate judge. On August 1, 1999, the probate court issued an order for Weaver, as executor, to show cause why she had not filed an inventory. On August 26, 1999, both she and respondent appeared before the court. After several extensions, respondent filed an inventory with the court on October 29, 1999. Thereafter, respondent failed to file a timely account until the court issued an order to show cause and a citation.

**{¶ 3}** On October 9, 2000, relator, Dayton Bar Association, filed a complaint charging, *inter alia,* that respondent engaged in multiple employment in simultaneously representing both the children of Powell in litigation against Powell and the Powell estate, and that his inaction in this matter and in the Weaver matter violated the Code of Professional Conduct. Respondent answered, and the case was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board"). Based upon the testimony received at a hearing on April 30, 2001, and the stipulations of the parties, the panel found the facts as set forth above.

**{¶ 4}** The panel found that respondent's employment as coadministrator of the Powell estate while remaining attorney for the Powell children did not violate the Disciplinary Rules because it was unlikely to adversely affect his professional judgment. It noted that not only had the probate court appointed respondent as

coadministrator but also that Helen Powell's civil action was meaningless after her death. However, the panel noted that respondent's failure to advise his clients of the dismissal of the civil action unnecessarily confused them. The panel concluded that this failure to inform violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter). After a thorough consideration of several other charges brought by relator, the panel dismissed all other counts relating to the Powell matter either as not having been proved by clear and convincing evidence or as being redundant.

{¶ 5} With respect to the Weaver matter, the panel concluded that respondent violated both DR 6-101(A)(2) (a lawyer shall not attempt to handle a legal matter without preparation adequate in the circumstances) and 6-101(A)(3).

{¶ 6} The panel found in mitigation that neither Weaver nor the Powell children were financially harmed by respondent, that his motives were not selfish or dishonest, and that during the period in which the violations occurred he had taken on too much work and was having problems with lawyers with whom he was associated. Hence, the panel recommended that respondent receive a public reprimand.

{¶ 7} The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} Having reviewed the record, we find that the panel and the board conducted a thorough investigation of all charges against respondent. We hereby adopt the findings, conclusions, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

—————————————

*Edward J. Dowd*, *Thaddeus J. Armstead* and *Mark R. Chilson*, for relator.

*James T. Ambrose,* for respondent.

_____