DAYTON BAR ASSOCIATION *v.* ENGEL.

[Cite as *Dayton Bar Assn. v. Engel,*
105 Ohio St.3d 49, 2004-Ohio-6900.]

(No. 2004–1410—Submitted October 12, 2004—Decided December 22, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Andrew M. Engel, of Dayton, Ohio, Attorney Registration No. 0047371, was admitted to the practice of law in Ohio in 1990. On December 8, 2003, relator, Dayton Bar Association, filed a complaint against respondent alleging violations of DR 1–102(A)(6) (prohibiting conduct adversely reflecting on an attorney's fitness to practice law), 6–101(A)(3) (prohibiting neglect of an entrusted legal matter), 7–101(A)(1) (prohibiting an attorney from intentionally failing to seek the lawful objectives of a client), and 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of employment), and Gov.Bar R. V(4)(G) (requiring an attorney to cooperate in an investigation of misconduct). A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the parties' stipulations and other evidence, made findings of fact, conclusions of law, and a recommendation.

{¶ 2} The parties agreed that respondent had violated the Disciplinary Rules alleged. The parties also stipulated to the events underlying the admitted misconduct.

{¶ 3} In April 2002, respondent was retained by a client to pursue a predatory-lending claim against a bank. The client paid respondent a $500 nonrefundable fee to secure his services. In May 2002, respondent wrote to the bank but did nothing further in the case. Respondent refused to return his client's phone calls, and in February 2003, the client contacted relator. Respondent's nonresponsiveness continued into the disciplinary investigation, in which respondent initially refused to contact relator despite repeated requests to do so.

{¶ 4} The panel, upon review, found that the stipulated facts and violations accurately reflected the nature and extent of the misconduct. The panel declined, however, to accept a stipulation in which relator agreed to forgo further

investigation of six other similar complaints brought by other clients. That stipulation was withdrawn by the parties at the hearing.

{¶ 5} In determining the appropriate sanction, the panel considered both aggravating and mitigating evidence. As to the former, the panel cited respondent's multiple Disciplinary Rule violations as well as a prior public reprimand for neglect. See *Dayton Bar Assn. v. Engel* (2001), 93 Ohio St.3d 623, 758 N.E.2d 178. The panel noted that despite respondent's representation that he had begun to close his practice in October 2003, at the time of the hearing (July 26, 2004), respondent still had a few clients, was not carrying malpractice insurance, and had not advised his clients as required by DR 1–104 (duty to inform a client of inadequate malpractice-insurance coverage). This breach was considered by the panel as an aggravating factor. The panel also cited respondent's failure to cooperate in the disciplinary process as an aggravating factor.

{¶ 6} In mitigation, the panel found that respondent was candid, remorseful, and willing to assume responsibility for his misconduct and had made restitution to his client. The panel declined, however, to find that respondent suffered from a mental disability within the meaning of Section 10(B)(2)(g) of the Rules and Regulations Governing Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. Respondent did not provide the required diagnosis from a qualified health-care professional to establish his claim that his misconduct resulted from his depression.

{¶ 7} The panel ultimately found that the stipulated sanction of a two-year suspension was inadequate for the protection of the public, but it was under the mistaken impression that reinstatement automatically occurs after a period of definite suspension. Cf. Gov.Bar R. V(10) (requiring an application for reinstatement that establishes the lawyer's qualifications to rejoin the bar, including compliance with the conditions of the ordered suspension). The panel recommended an indefinite suspension with the conditions that respondent (1) verify that he had made any restitution required by relator to any of the six former clients who had grievances pending as of the date of the parties' stipulations and (2) provide medical evidence verifying that he suffers from no mental illness, as defined in Gov.Bar R. V(7), that substantially impairs his ability to practice law.

{¶ 8} The board adopted the panel's findings of fact; however, it rejected the panel's recommendation. Finding an indefinite suspension to be unnecessarily severe, the board recommended that respondent be suspended from the practice of law for two years with the last six months of the suspension stayed on the conditions that (1) prior to resuming the practice of law, respondent present a written report from a psychiatrist, a psychologist, or other mental-health-care professional stating that the treating professional has evaluated and assessed respondent within the preceding 30 days and has concluded, to a reasonable

degree of medical certainty, (a) that respondent can emotionally and psychologically withstand the pressures and demands associated with the practice of law and (b) that none of the conditions from which respondent may suffer continues to impair his ability to ethically and competently practice law or to meet the demands of the practice; and (2) he has made any restitution required by relator to any of the six former clients who had grievances pending as of the date of the parties' stipulations.

{¶ 9} Respondent has not replied to our order to show cause why the board's recommendation should not be adopted. Accordingly, we adopt the findings of fact and conclusions of law of the board. We also adopt a slightly modified version of its recommendation. For his violations of DR 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), and 7–101(A)(2) and Gov.Bar R. V(4)(G), respondent is hereby suspended from the practice of law for two years with six months stayed on condition that he commit no further violations of the Disciplinary Rules. Before filing an application for reinstatement, respondent must (1) present a written report from a psychiatrist, a psychologist, or other mental-health-care professional stating that the treating professional has evaluated and assessed respondent within the preceding 30 days and has concluded, to a reasonable degree of medical certainty, (a) that respondent can emotionally and psychologically withstand the pressures and demands associated with the practice of law and (b) that none of the conditions from which respondent may suffer continues to impair his ability to ethically and competently practice law or to meet the demands of the practice; and (2) make any restitution required by relator to any of the six former clients who had grievances pending as of the date of the parties' stipulations. If respondent violates the Disciplinary Rules, the stay will be lifted, and respondent will serve the entire two-year suspension.

{¶ 10} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Bieser, Greer & Landis, L.L.P., and David P. Williamson, for relator.

Andrew M. Engel, pro se.