CLEVELAND BAR ASSOCIATION *v.* JIMERSON.

[Cite as *Cleveland Bar Assn. v. Jimerson,*
113 Ohio St.3d 452, 2007-Ohio-2339.]

(No. 2006–2330—Submitted February 14, 2007—Decided May 30, 2007.)

---

**Per Curiam.**

{¶ 1} This court admitted respondent, Aziza D. Jimerson of Cleveland, Ohio, Attorney Registration No. 0071631, to the practice of law in Ohio in 1999. The Board of Commissioners on Grievances and Discipline recommends that we now suspend respondent from the practice of law for two years, conditionally staying the last six months, because she abandoned a client's personal-injury case and failed to cooperate appropriately in the investigation of this misconduct. On review, we find the two-year suspension with a six-month conditional stay appropriate for respondent's professional misconduct.

{¶ 2} Relator, Cleveland Bar Association, filed the complaint against respondent, alleging that she had failed to adequately represent Gladys Lewis and failed to comply with relator's investigatory requests for information. A three-member panel of the board heard the cause on November 3, 2006, and despite having obtained two continuances to retain counsel, respondent appeared alone at the hearing and represented herself.

{¶ 3} The panel found that respondent had violated DR 6–101(A)(2) (prohibiting a lawyer from representing a client without adequate preparation), 6–101(A)(3) (prohibiting a lawyer from neglecting a legal matter), and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation) and recommended the two-year suspension with the six-month conditional stay. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

{¶ 4} Neither party objects to the board's report.

### Misconduct

{¶ 5} Gladys Lewis was injured in an automobile accident on December 3, 2002, when an uninsured motorist struck the truck in which she was riding with her

brother, Samuel Wright, and a nephew. Lewis sustained injuries to her wrist and has continued to experience headaches since the accident. Lewis's treating physician, who practiced medicine with respondent's father, referred Lewis to respondent.

{¶ 6} Lewis retained respondent in March 2003 to pursue a claim for personal injuries. As the first order of business, respondent had Lewis sign a protection letter promising to pay any medical bills owed to respondent's father's medical practice. She then had Lewis sign a one-third contingent-fee agreement with her as an associate of Tyrone Reed, a lawyer with whom respondent shared office space. Respondent did not complete the fee agreement, leaving blank spaces for information about whom she intended to sue and when Lewis's cause of action arose.

{¶ 7} The owner of the truck in which Lewis was riding when she was injured insured it with Progressive Insurance Company ("Progressive"). In an April 2003 letter, Progressive advised Lewis that the uninsured-motorist coverage required that she file suit within two years after her accident occurred and also described the coverage to which she might be entitled. In July 2003, respondent notified Progressive that she represented Lewis, but she did not communicate again with the carrier until she sent an August 2004 letter demanding specified damages, which apparently did not lead to settlement negotiations.

{¶ 8} Respondent filed a complaint in Cuyahoga County Common Pleas Court on December 2, 2004, one day before the two-year statute of limitations expired. The complaint named the owner of the truck in which Lewis was riding as the sole defendant, omitting claims against Progressive, Samuel Wright, and the uninsured tortfeasor. In early March 2005, when the defendant failed to answer, the court ordered respondent to move for a default judgment or risk dismissal. The court later dismissed the case for want of prosecution and without prejudice on March 21, 2005. Two days later, respondent filed a superfluous motion for voluntary dismissal of the first Lewis complaint. Not until March 21, 2006, did respondent file a new complaint naming Samuel Wright and Progressive as defendants.

{¶ 9} In July 2006, the court granted Wright's motion to dismiss and assessed costs to Lewis. Respondent had not opposed the motion. As of the panel hearing, respondent had also not responded to Progressive's motion to dismiss the claims against it.

{¶ 10} Meanwhile, Lewis decided to discharge respondent because she had had so much trouble learning anything about the status of her case and because so much time had passed since the accident. In November 2004, Lewis filed a grievance with relator. After that, Lewis did nothing more about her claim

because despite repeated requests, she could not retrieve her complete file from respondent.

{¶ 11} Respondent did not timely reply in writing to relator's investigative inquiries in December 2004 and January 2005. On January 20, 2005, respondent called relator and left a message promising to respond within days. She did not respond until November 2005.

{¶ 12} Respondent did meet with relator's investigator on April 8, 2005, however, and at that time, she provided copies of the Lewis case file. Respondent did not mention that the original Lewis complaint had recently been dismissed, and the investigator did not realize this until he checked court records. Respondent later acknowledged the dismissal and promised the investigator that she would immediately refile the action. She did not fulfill this promise for nearly one year.

{¶ 13} We adopt the board's findings of misconduct. For abandoning her client's personal-injury case and failing to cooperate appropriately in the investigation of this misconduct, we find that respondent violated DR 6–101(A)(2) and (3) and Gov.Bar R. V(4)(G).

## Sanction

{¶ 14} In a similar case, *Dayton Bar Assn. v. Engel*, 105 Ohio St.3d 49, 2004-Ohio-6900, 822 N.E.2d 346, we suspended a lawyer's license for two years and stayed the last six months on conditions, finding the sanction appropriate for the lawyer's neglect and other related misconduct in a single client's case. The lawyer in *Engel* failed to pursue a predatory-lending claim against a bank for his client, failed to return unearned fees, and failed to return his client's telephone calls. The lawyer also initially ignored an investigator's requests for information, although he later appeared and admitted his misconduct.

{¶ 15} To determine whether this sanction is appropriate in respondent's case, we weigh the mitigating and aggravating factors to see if a more or less severe sanction is warranted. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 16} In mitigation, we find that respondent, who apparently works as an assistant director of a local Head Start program and no longer actively practices law, has no prior disciplinary record. In contrast to the public reprimand that marred the lawyer's professional record in *Engel*, this factor weighs in favor of lenience under BCGD Proc.Reg. 10(B)(2)(a). In aggravation, however, we agree with the board that respondent had no appreciation for the harm she caused Lewis, a somewhat unsophisticated client, by abandoning her claim and precluding her from ever recovering for her injuries. BCGD Proc.Reg. 10(B)(1)(g) and

(h).   Moreover, respondent failed to disclose to her client, as required by DR 1–104, that she lacked malpractice insurance, which also constituted an aggravating factor in *Engel,* 105 Ohio St.3d 49, 2004-Ohio-6900, 822 N.E.2d 346, ¶ 5.   Finally, the lawyer in *Engel* showed remorse, id. at ¶ 6, which respondent has not.

{¶ 17} We therefore suspend respondent from the practice of law in Ohio for two years;  however, we stay the last six months of the suspension on the condition that respondent commit no further misconduct.   If respondent violates this condition, the stay shall be lifted, and respondent shall serve the entire two-year suspension.   Consistent with the board's recommendation, we also order that after serving the suspension, respondent must petition for reinstatement pursuant to Gov.Bar R. V(10)(C) through (G), rather than through the less rigorous procedure for reinstatement set forth in Gov.Bar R. V(10)(A).

{¶ 18} Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Pfeifer, Lundberg Stratton, O'Connor, O'Donnell, Lanzinger and Cupp, JJ., concur.

———————

Schwartz, Downey & Co., L.P.A., and Brian P. Downey;  and Mannion & Gray Co., L.P.A., and Edward H. Blakemore, for relator.

Aziza D. Jimerson, pro se.